RITZEMA *v.* VALLEY CITY BRICK CO.

MASTER AND SERVANT — INJURIES TO SERVANT — DANGEROUS PLACE TO WORK—OBVIOUS DANGER—ASSUMPTION OF RISK.
   Workmen in a clay pit assume the risk of lumps of clay rolling down the sides of the pit when undermined, and the employer is not liable for an injury to an employé from such a source.

Error to Kent; Wolcott, J. Submitted January 23, 1908. (Docket No. 143.) Decided March 31, 1908.

Case by Gertrude Ritzema, administratrix of the estate of John Ritzema, deceased, against the Valley City Brick Company for the negligent killing of plaintiff's intestate. There was judgment for defendant on a verdict directed by the court, and plaintiff brings error. Affirmed.

*Walter I. Lillie*, for appellant.

*Bundy, Travis & Merrick*, for appellee.

Defendant manufactures clay brick. It obtains its clay from a bank about 200 feet long and quite high, but how

high is not shown. The clay is broken down from this bank into a pit. At the proper distance in the pit from the foot of the bank is a railroad track. The clay is shoveled into the cars placed upon this track and conveyed to the brick machine. The track is from time to time moved nearer the base of the bank. The clay often comes down in quite large chunks. The clay, after being broken, is from 5 to 8 feet high. The large pieces must be broken up in order to be shoveled into the cars. Four men, called pickers, use picks to break up these pieces. After the pieces are properly broken the shovelers, of whom the deceased was one, shovel the clay into the cars. In this way they pass from one end of the pit to the other, the pickers being followed by the shovelers.

Plaintiff's decedent was a shoveler and had been engaged in the work for about two years. It was about time to cease work for the day. The deceased had set his shovel against the side of the car towards the bank. He had been throwing pieces of clay into the car with his hands. He started to get his shovel when a large piece of clay was dislodged without any action on the part of any one, rolled down from a height of about 5 feet, struck his shovel driving the handle against him and injuring him so that he died. The piece of clay was estimated to weigh about 200 pounds, and is charged in the declaration to have been 1½ feet thick, 3 feet long, and 3 feet high. It was daylight; the work was being done in the usual way. Chunks of clay were liable to roll down, and this deceased knew. It was the general understanding among the employés that they must look out for each other and themselves. The situation at the time of the accident was the same as it had been every day. The pickers were subject to the call of the shovelers at any time they considered a piece dangerous or desired to have it picked to pieces for shoveling. At the close of the plaintiff's case the court directed a verdict for the defendant.

GRANT, C. J. (*after stating the facts*).   The instruction was clearly correct.   The dangers were obvious. The workmen were perfectly familiar with the fact that these chunks would roll down the bank when undermined, and they needed no superintendent or foreman to inform them of that fact, or to warn them against a danger which they knew as well as, and perhaps better than, any one. It was not the duty of the defendant to employ a man to watch and inform its workmen when there was danger. The case is ruled by *Welch* v. *Brainard*, 108 Mich. 38; *Livingstone* v. *Glass Co.*, 146 Mich. 236.

Judgment affirmed.

MONTGOMERY, OSTRANDER, HOOKER, and CARPENTER, JJ., concurred.